# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WAYNE WEAVER, JR., | Case No. 1:23-cv-01315-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |
| v. | |
| GONZALES, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| Defendants. | |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Donald Wayne Weaver, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on September 5, 2023. (ECF No. 1.)

**I.      Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with
2    respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
3    confined in any jail, prison, or other correctional facility until such administrative remedies as are
4    available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available
5    administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney*
6    *v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002).  Exhaustion is required regardless of the
7    relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*,
8    532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison
9    life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

10    In rare cases where a failure to exhaust is clear from the face of the complaint, it may be
11    dismissed for failure to state a claim.  *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir.
12    2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at
13    *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached
14    exhibits that a plaintiff did not exhaust his available administrative remedies before commencing
15    an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of*
16    *Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and
17    dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust
18    administrative remedies prior to filing suit).

19    **II.    Discussion**

20    In the complaint, Plaintiff concedes that while there is a grievance procedure at his current
21    institution, and he presented the facts in his complaint for review through the grievance
22    procedure, he did not appeal to the highest level of appeal available to him.  (ECF No. 1.)  In
23    explanation, Plaintiff states that he is set to be released on September 12, 2023.  (*Id.* at 3–5.)
24    Plaintiff's complaint is signed and dated September 5, 2023.  (*Id.* at 6.)

25    Based on the information in the complaint, it appears Plaintiff filed suit prematurely
26    without first exhausting his administrative remedies in compliance with the PLRA, section
27    1997e(a).  Plaintiff is not excused from complying with available administrative remedies merely
28    because he expects to soon be released from custody.  At the time the operative complaint was

filed, Plaintiff remained in custody, and he was therefore required to comply with the exhaustion requirements.

### III.     Order and Recommendation

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **September 6, 2023**              /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE